```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

                                    :
JAY CLOGG REALTY GROUP,
INC., et al.                        :

     v.                             :   Civil Action No. DKC 15-0493

                                    :
METROPOLITAN LIFE INSURANCE
COMPANY, et al.                     :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), is a motion for summary judgment filed by Defendants Metropolitan Life Insurance Company and MetLife Group, Inc. (collectively, "MetLife" or "Defendants"). (ECF No. 35). Also pending is a motion for leave to file a surreply filed by Plaintiffs. (ECF No. 49). The relevant issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendants' motion for summary judgment will be granted in part and denied in part. Plaintiffs' motion for leave to file a surreply will be denied.

**I.   Background**

   **A.   Factual Background**

Unless otherwise noted, the facts here are undisputed and construed in the light most favorable to Plaintiffs. Additional facts will be discussed in the analysis section. Plaintiffs are

twenty-three individuals and corporations who received unsolicited faxes advertising life insurance policies. Plaintiffs contend that they opted out of a class action lawsuit in Illinois state court known as *Shaun Fauley, et al. v. Metropolitan Life Insurance Company, et al.* (the "class action"). (*See* ECF No. 2, at 2-3). The factual underpinning of the class action and of this suit is that Scott Storick, who worked for MetLife at the time, paid Robert Martino to send multitudes of faxes advertising life insurance rates. (*See* ECF Nos. 35-1, at 2; 42, at 2-4). Mr. Martino would send responses he received to Mr. Storick, who would then follow-up and attempt to sell a life insurance policy.[1] Mr. Martino provided fax advertising services to several clients (ECF No. 43-4, at 20), and Mr. Storick testified in his deposition for the class action that other MetLife employees sent similar unsolicited fax advertisements, including at least one other who used Mr. Martino's services (ECF No. 43-3, at 57-59). In a deposition taken as part of the class action, Mr. Martino testified that he coded each fax based on which client's behalf he was sending the fax. (ECF No. 35-12, at 3-4). In Mr. Storick's case, the code

---

[1] The exact relationship between MetLife and Mr. Storick's utilization of Mr. Martino's fax advertising operation is disputed. These disputed facts are irrelevant and not material because Defendants do not move for summary judgment based on issues of MetLife's direct or vicarious liability for Mr. Storick's actions.

"SS" or "1958" would be printed on the fax or in the fax's header. (*Id.*). In his deposition, Mr. Storick suggested that he received some faxes without the codes. (ECF No. 43-3, at 30-32).

### B. Procedural History

On December 2, 2014, Plaintiffs filed their complaint in the Circuit Court for Montgomery County. (ECF No. 2). After being served on January 26, 2015, Defendants timely removed the action to this court. (ECF No. 1). Plaintiffs' complaint alleges that Defendants violated the TCPA (Count I) and the Maryland equivalent (Count II), and includes a list of Plaintiffs' fax numbers that received unsolicited faxes. (ECF No. 2, at 12). On March 4, 2015, the court entered a scheduling order stating that discovery would conclude on July 17. (ECF No. 16). On June 25, Plaintiffs filed a motion to extend discovery. (ECF No. 22). On July 10, Defendants filed a motion for a protective order. (ECF No. 24). The parties participated in an unsuccessful settlement conference, and the undersigned conducted two telephonic conferences with the parties regarding the discovery motions on August 31 and September 16. The court temporarily granted Defendants' protective order request and deferred ruling on Plaintiffs' request for additional discovery. On August 17, Defendants filed the pending motion for summary judgment. (ECF No. 35). Plaintiffs responded and requested the

court defer ruling on summary judgment under Federal Rule of Civil Procedure 56(d) due to a need for additional discovery (ECF No. 42), and Plaintiffs replied (ECF No. 48).  Plaintiffs then filed a motion for leave to file a surreply.  (ECF No. 50).

**II.  Motion for Summary Judgment**

   **A.   Standard of Review**

Summary judgment is appropriate under Federal Rule of Civil Procedure Rule 56(a) when there is no genuine dispute as to any material fact, and the moving party is plainly entitled to judgment in its favor as a matter of law.  In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986), the Supreme Court of the United States explained that, in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.* at 248.  Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented."  *Id.* at 252.

In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in the light most

favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *see also EEOC v. Navy Fed. Credit Union,* 424 F.3d 397, 405 (4th Cir. 2005). The mere existence of a "scintilla" of evidence in support of the nonmoving party's case is not sufficient to preclude an order granting summary judgment. *See Liberty Lobby,* 477 U.S. at 252.

A "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala,* 166 F.Supp.2d 373, 375 (D.Md. 2001) (citation omitted). Indeed, this court has an affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *See Drewitt v. Pratt,* 999 F.2d 774, 778–79 (4th Cir. 1993) (quoting *Felty v. Graves–Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir. 1987)).

**B.   Analysis**

The TCPA makes it unlawful "for any person within the United States . . . to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C). The Maryland analog statute provides that "[a] person may not violate" the TCPA. Md. Code, Com. Law § 14-3201. Both statutes provide for a private right of action. 47 U.S.C.

§ 227(b)(3); Md. Code, Com. Law § 14-3202(b). Defendants' argument at this stage is quite simple: they contend that Plaintiffs have put forth no evidence showing that they received faxes from Defendants, including any orchestrated by Mr. Storick. Plaintiffs counter that they have produced copies of many facsimile advertisements, which they allege were sent on behalf of Defendants.

Plaintiffs in a TCPA action generally may show that a defendant sent a particular fax by utilizing two avenues of evidence: the defendant's transmission data and evidence from the faxes themselves. *See Pasco v. Protus IP Solutions, Inc.*, 826 F.Supp.2d 825, 831-33 (D.Md. 2011). Here, Defendants rely heavily on the fact that transmission data that was released in the class action includes approximately 650,000 numbers to which a life insurance advertisement was sent by Mr. Martino's fax broadcast operation, none of which are Plaintiffs' fax numbers. The parties agree, however, that the transmission data is incomplete, covering only a small fraction of the relevant time period, because Mr. Martino regularly destroyed the data. (ECF Nos. 42, at 28; 48, at 6). Moreover, the transmission data is of questionable relevance in this case because Mr. Martino sent faxes for multiple clients, only one of whom is alleged to have been working for MetLife. Accordingly, the transmission data is of limited assistance to either party.

As for the faxes themselves, Defendants argue that fifteen of the plaintiffs did not produce a copy of any fax, and no plaintiff "has produced a fax that names either of the Defendants, any agent of the Defendants, or contains any telephone number associated with the Defendants." (ECF No. 35-1, at 6). Defendants further allege that none of the faxes Plaintiffs produced contain the "SS" or "1958" code. Plaintiffs counter that they have produced copies of faxes, and all the faxes have common features that can be tied back to Mr. Storick and Mr. Martino's operation. In particular, they allege that the faxes contain the same response numbers, headlines, and other characteristics as faxes confirmed to be sent by Mr. Martino on behalf of Mr. Storick. (*See* ECF No. 42, at 20). Plaintiffs also assert that the lack of an "SS" or "1958" on a fax is irrelevant because the coding system for the faxes was not consistent.

Plaintiffs' assertion that the faxes they produced have similar layout and phrasing to Mr. Storick's faxes is not sufficient to survive summary judgment. As Plaintiffs admit, many of the faxes closely resemble template faxes available on Mr. Martino's website and are nothing more than generic insurance advertisements that could have been sent by any insurance salesperson or any insurance company. (*See* ECF No. 42, at 7). The inclusion of a response number that is not

7

related to Mr. Storick or MetLife also does not show that Defendants were responsible for the faxes. Some of the response numbers may be related to Mr. Martino, but Mr. Martino is not a defendant in this case, and he sent faxes for many clients. Such evidence is too attenuated to survive a motion for summary judgment.

The only characteristic of the faxes that allows Plaintiffs to tie them to Defendants or Mr. Storick in any way is the presence of either the "SS" or "1958" code; Plaintiffs' other attempts to do so are too speculative.[2] Plaintiffs assert that Mr. Storick's deposition testimony shows that his faxes did not necessarily include "SS" or "1958." Even so, this does not relieve Plaintiffs of putting forth evidence affirmatively tying Defendants to the faxes. Only one Plaintiff, Kensington Physical Therapy, Inc. ("KPT"), has put forth any such evidence, doing so in the form of two faxes marked with an "SS". (*See* ECF No. 44-4 (faxes marked "Clogg v MetLife –– 000008" and "Clogg v MetLife – 000162")).[3] Thus, all Plaintiffs other than KPT have failed to produce *any* evidence that they received a violative

---

[2] Plaintiffs' arguments that additional discovery would allow them to gather evidence tying the faxes to Defendants will be addressed in a later section.

[3] These two documents are identical and may be copies of the same facsimile.

8

fax from or on behalf of Defendants.[4] Furthermore, the parties agree that the Maryland statute provides a cause of action only for individual plaintiffs, not corporations. (ECF Nos. 35-1, at 10-11; 42, at 31); *see Pasco*, 826 F.Supp.2d at 843-44. Accordingly, Defendants' motion for summary judgment will be granted on Count I as to all Plaintiffs other than KPT, and on Count II as to all Plaintiffs.

**III. Motion for Leave to File a Surreply**

Local Rule 105.2(a) states that, "[u]nless otherwise ordered by the Court, surreply memoranda are not permitted to be filed." Surreplies are generally disfavored. *Chambers v. King Buick GMC, LLC*, 43 F.Supp.3d 575, 624 (D.Md. 2014) (citing *Chubb & Son v. C.C. Complete Servs., LLC*, 919 F.Supp.2d 666, 679 (D.Md. 2013)). The court may permit a surreply when a party would not otherwise have an opportunity to respond to arguments raised for the first time in the opposing party's reply. *See Khoury v. Meserve*, 268 F.Supp.2d 600, 605 (D.Md. 2003). Plaintiffs' motion asserts that Defendants' reply "contains material misstatements, and raises points that could have been addressed in the Motion for Summary Judgment, but leave

---

[4] Plaintiff Stanley Shapiro has the same fax numbers as KPT. (ECF No. 2, at 12). Defendants contend, however, that eight individual Plaintiffs, including Mr. Shapiro, did not properly opt out of the class action. Seven of them, including Mr. Shapiro, concede this point. (ECF No. 42, at 30-31). Accordingly, Mr. Shapiro is unable to proceed as an individual.

Plaintiffs without a fair opportunity to respond." (ECF No. 49, at 1). Specifically, Plaintiffs allege that Defendants incorrectly assert that some Plaintiffs produced no faxes. (*See* ECF No. 44-4 (copies of faxes received by Plaintiffs)). Assuming *arguendo* that a surreply would be appropriate to address this point, one is not necessary because the court was able to match the faxes in ECF No. 44-4 to a particular Plaintiff based on the fax number in the header or by an identification stamp on the fax. Accordingly, Plaintiffs' motion for leave to file a surreply will be denied.

**IV. Plaintiffs' Request for Extended Discovery**

Ordinarily, summary judgment is inappropriate if "the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). Rule 56(d) allows the court to deny a motion for summary judgment or delay ruling on the motion until additional discovery has occurred if the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed.R.Civ.P. 56(d). "Such a motion is only appropriate in situations where the discovery sought could not have been obtained during the course of normal discovery." *Zimmerman v. Novartis Pharms. Corp.*, 287 F.R.D. 357, 363 (D.Md. 2012) (citation omitted). Notably, "Rule 56(d) does not authorize

10

'fishing expedition[s].'" *Nautilus Ins. Co. v. REMAC Am., Inc.*, 956 F.Supp.2d 674, 683 (D.Md. 2013) (citation omitted).

Plaintiffs' Rule 56(d) affidavit seeks five depositions and numerous categories of documents. (ECF No. 47-9, at 6-8). According to Plaintiffs, Defendants did not provide a substantive response to Plaintiffs' discovery requests until 32 days before discovery closed, which did not provide Plaintiffs enough time to "digest the materials received, and to take any follow-up discovery." (*Id.* at 2). Plaintiffs also assert that the documents Defendants provided on September 10, 2015, which included deposition transcripts and exhibits from the class action, "are harmful to Defendants, demonstrating the widespread knowledge of Mr. Storick's faxing activity, his bragging about the return on his investment in the faxing, and the glaring evidence of faxing that was not only left in plain view, but waved in the faces of people who would be in a position to curtail that activity." (ECF No. 42, at 20). In their initial discovery requests, Plaintiffs largely requested materials related to the class action, and contend that they were waiting for this material before conducting additional discovery.

Much of the additional discovery requested by Plaintiffs seeks information implicating MetLife for Mr. Storick's actions, which is not relevant to the current motion. Plaintiffs also appear to seek additional discovery in an attempt to discern the

11

identities of other MetLife employees who may have sent unsolicited faxes in the hopes that they can be tied to the faxes Plaintiffs received. Put simply, such a request is a fishing expedition and does not warrant deferring summary judgment under Rule 56(d). During discovery, Plaintiffs made very few, if any, discovery requests beyond requests for information from the class action, and they have not shown why they were precluded from doing so. Plaintiffs' attenuated, speculative, and conclusory accusations do not plausibly show that the faxes they received were from other MetLife agents. Moreover, Plaintiffs' complaint is premised on the actions of Mr. Storick, not other, unidentified MetLife agents. In short, "Plaintiff[s'] Rule 56(d) request is nothing more than a request that [they] 'be allowed to find out if [they have] a claim, rather than that [they have] a claim for which [they] need[]' discovery." *Fierce v. Burwell*, 101 F.Supp.3d 543, 554 (D.Md. 2015) (quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2$^d$ Cir. 1994)); *see also Wright v. Eastman Kodak Co.*, 550 F.Supp.2d 371, 383 (W.D.N.Y. 2008) ("While a Rule 56[(d)] discovery request may be granted to allow a plaintiff to fill material evidentiary gaps, it may not be premised solely on speculation as to evidence which *might* be discovered: it does not permit a plaintiff to engage in a fishing expedition.").

Accordingly, the court will not defer ruling on Defendants' motion for summary judgment.

## V. Conclusion

For the foregoing reasons, the motion for summary judgment filed by Defendants will be granted in part and denied in part. Plaintiffs' motion to file a surreply will be denied. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
